**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 23-cv-246 <br><br> Judge: <br><br> Magistrate: |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MATAN'S PAINTING & DECORATING, LTD., a/k/a THE MATAN GROUP, an Illinois corporation; and DANIEL MATAN, Individually Defendants. | ) ) ) ) | |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D. Schwartz, James R. Anderson, Grant R. Piechocinski, and ARNOLD AND KADJAN, LLP, complain against Defendants, MATAN'S PAINTING & DECORATING, LTD., a/k/a THE MATAN GROUP, an Illinois corporation, as follows:

1

## COUNT I Audit

### Jurisdiction and Venue

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331. Jurisdiction is also founded on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (c), et seq, and under federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. § 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. § 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. § 1001, *et seq.*, and also pursuant to the terms and provisions of the collective

bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6. Defendant MATAN'S PAINTING & DECORATING, LTD, a/k/a THE MATAN GROUP, an Illinois corporation ("MATAN"), is an employer engaged in an industry affecting commerce. MATAN has adopted, affirmed, and ratified the terms of the Labor Agreement executed between Matan's Decorating Service and the Union on or about October 15, 1982 (see copy attached as Exhibit "A"), employing Union members and fringe benefit contributions to the funds on remittance reports bearing the name Matan Decorating Services by virtue of its membership in the Finishing Contractors Association of Chicago (the "FCA") MATAN has agreed to be bound by the provisions of the existing Labor-Management Agreement between the FCA and the Painters' District Council No. 14 (the "Union") and any subsequent agreements negotiated between the Union and certain employer associations.

## The Agreements

7. Pursuant to the provisions of the Labor Agreement, MATAN is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, MATAN is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, MATAN is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require MATAN to pay liquidated damages, interest, auditor's fees, and all attorney's fees and court costs incurred by the

3

Funds in the collection process. Liquidated damages are imposed in the event that contributions are not paid in accordance with the due dates as set forth in the Labor and Trust Agreements.

## The Claim

### Count I (Audit)

9. MATAN breached the provisions of the Labor Agreement and Trust Agreements by failing to pay all amounts owed based upon the results of an audit for the period from October 1, 2020 through March 31, 2022.

10. Plaintiffs have been required to employ the undersigned attorneys and their law firm to commence this action.

11. MATAN is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

12. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

 (i) interest on the unpaid contributions; or

 (ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. This Court enter judgment in favor of Plaintiffs and against the Defendant MATAN'S PAINTING & DECORATING, LTD., in the amount shown to be owed on the audit for the period of October 1, 2020 through March 31, 2022;

B. This Court enjoin MATAN from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and MATAN be ordered to resume making those payments.

4

      C.      Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

      D      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

      Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: /s/ Grant R. Piechocinski
*One of Plaintiffs' Attorneys*

DONALD D. SCHWARTZ
JAMES R. ANDERSON
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN, LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415